IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| REBECCA SAMFORD. | § | |
| --- | --- | --- |
| | § | |
| v. | § | Case No. 6:08-cv-42 |
| | § | |
| ARCHIE MORRIS SAMFORD, JR., et al. | § | |

**MEMORANDUM OPINION AND ORDER**

Now before the Court is Defendant City of Carthage's Motion for Summary Judgment (Doc. No. 35), Plaintiff's Response (Doc. No. 46), and Defendant's Reply (Doc. No. 47). Having considered the parties' briefing and the relevant law, the Court hereby GRANTS the motion for summary judgment.

**I.     Background**

Plaintiff—a Hispanic female—brought this action after she was arrested by a City of Carthage police officer pursuant to a warrant. Plaintiff has alleged that the City of Carthage and unnamed police officers violated her Fourth and Fourteenth Amendment rights.

A Panola County magistrate issued a warrant for Plaintiff's arrest for interference with child custody. The warrant was based on a criminal complaint filed by the child's father and Plaintiff's ex-husband Archie Samford, who was also a former Panola County District Attorney. Mr. Samford, the custodial parent, filed the complaint after Plaintiff was approximately two hours late returning their son. The following day, Carthage police officers arrested Plaintiff pursuant to the warrant. Plaintiff was ultimately convicted of the charge.

Plaintiff claims that the City of Carthage (the City) and unnamed police officers violated her civil rights.[1] Specifically, Plaintiff claims that Defendants violated her right to equal protection under the law as guaranteed by the Fourteenth Amendment and arrested her without probable cause in violation of the Fourth Amendment.[2]

II.     **Summary Judgment Standard**

The Court should grant a motion for summary judgment if no genuine issue as to any material fact exists and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–25 (1986); *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998). A fact is material if it might affect the outcome of the suit under the governing law. *Merritt-Campbell, Inc. v. RxP Products, Inc.*, 164 F.3d 957, 961 (5th Cir. 1999). Issues of material fact are "genuine" only if they require resolution by a trier of fact and if the evidence is such that a reasonable jury could return a verdict in favor of the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Merritt-Campbell, Inc.*, 164 F.3d at 961. When ruling on a motion for summary judgment, the Court must view all inferences drawn from the factual record in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 587 (1986); *Merritt-Campbell, Inc.*, 164 F.3d at 961.

Under Rule 56, the party moving for summary judgment must "demonstrate the absence of

---

[1] Plaintiff also asserted claims against her now-deceased ex-husband Archie Samford, which the Court previously dismissed (Doc. No. 42).

[2] Plaintiff's Amended Complaint does not include a claim for false arrest in violation of the Fourth Amendment. However, the parties have briefed this issue, and therefore the Court addresses the Fourth Amendment claim in this order.

a genuine issue of material fact." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc) (quoting *Celotex*, 477 U.S. at 323–25). If the moving party fails to meet this initial burden, the motion must be denied regardless of the nonmovant's response. *Little*, 37 F.3d at 1075. If the movant meets the burden, however, Rule 56 requires the opposing party to go beyond the pleadings and show by affidavits, depositions, answers to interrogatories, admissions on file, or other admissible evidence that specific facts exist over which there is a genuine issue for trial. *Anderson*, 477 U.S. at 250; *EEOC v. Tex. Instruments, Inc.*, 100 F.3d 1173, 1180 (5th Cir. 1996); *Wallace v. Tex. Tech. Univ.*, 80 F.3d 1042, 1046–47 (5th Cir. 1996). The nonmovant's burden may not be satisfied by argument, conclusory allegations, unsubstantiated assertions, metaphysical doubt as to the facts, or a mere scintilla of evidence. *Matsushita*, 475 U.S. at 585; *Wallace*, 80 F.3d at 1047; *Little*, 37 F.3d at 1075.

### III. Analysis

#### A. Equal Protection

Plaintiff asserts her equal protection claims under 42 U.S.C. §§ 1981, 1983, and 1985. Plaintiff's equal protection claims are founded on two theories: (1) Defendants discriminated against her on the basis of her race, and (2) Defendants selectively enforced the law against Plaintiff because her ex-husband was a former Panola County District Attorney. For the reasons stated below, Plaintiff's claims fail under both theories.

For her race-based equal protection claim, Plaintiff must demonstrate that Defendants intentionally discriminated against her on the basis of her race. *Hampton Co. Nat'l Sur., LLC v.*

*Tunica County*, 543 F.3d 221, 228 (5th Cir. 2008)(equal protection claim under 42 U.S.C. § 1983 requires showing that arresting officers were motivated by discriminatory intent); *Green v. State Bar of Tex.*, 27 F.3d 1083, 1086 (5th Cir. 1994)(one of the elements under 42 U.S.C. § 1981 requires a showing that Defendants intended to discriminate against Plaintiff on the basis of race); *Griffin v. Breckenridge*, 403 U.S. 88, 102 (1971)("[T]here must be some racial, or perhaps otherwise class-based, invidiously discriminatory animus" to sustain a claim under 42 U.S.C. § 1985(3)). Defendants have presented evidence that the arresting officers were not aware of Plaintiff's Hispanic heritage and did not arrest her because of her race. Defendants point to the offense and arrest reports, in which the arresting officer listed Plaintiff as a white female.

The only evidence Plaintiff has set forth to support her claim of unequal treatment based on race is that her maiden name—Pineda—(which was listed on the arrest warrant) is of Hispanic origin. Assuming arguendo that the arresting officers were aware of Plaintiff's Hispanic heritage, Plaintiff has pointed to no evidence that she was treated differently based on her race. Nor has Plaintiff set forth any other evidence from which a jury could infer a discriminatory intent.

Second, Plaintiff's selective enforcement claim—which the courts treat as a "class of one" equal protection claim—requires a showing that "an illegitimate animus or ill-will motivated her intentionally different treatment from others similarly situated and that no rational basis existed for such treatment." *Ship v. McMahon*, 234 F.3d 907, 916 (5th Cir. 2003), *overruled in part on other grounds by McClendon v. City of Columbia*, 305 F.3d 314, 328–29 (5th Cir. 2002) (en banc). Defendants have presented evidence that Plaintiff was arrested pursuant to a facially valid warrant. Plaintiff has not responded with any evidence that she was treated differently than anyone, much less anyone else who was similarly situated. Furthermore, Plaintiff has not pointed the Court to any

evidence that Defendants lacked a rational basis when they executed the arrest warrant.

Furthermore, the Court notes that Plaintiff appears to have abandoned her equal protection claim in her summary judgment response. Instead, Plaintiff's arguments center almost exclusively on her (unpleaded) Fourth Amendment claim.

Because there is no genuine issue of material fact on Plaintiff's equal protection claims, these claims are hereby DISMISSED.

### B. False Arrest

Plaintiff's claim for false arrest is brought under 42 U.S.C. § 1983, but that provision does not create substantive rights. *Bauer v. Texas*, 341 F.3d 352, 357 (5th Cir. 2003). Plaintiff must point to a constitutional right that has been infringed. *Id.* Plaintiff claims that Defendants arrested her without probable cause in violation of her Fourth Amendment right to be free from unreasonable seizures. The Fourth Amendment is made applicable to Defendants through the Fourteenth Amendment. *Severance v. Patterson*, 566 F.3d 490, 501 (5th Cir. 2009).

The Fourth Amendment prohibits arrests made without probable cause. *Blackwell v. Barton*, 34 F.3d 298, 303 (5th Cir. 1994). "The Supreme Court has defined probable cause as the 'facts and circumstances within the officer's knowledge that are sufficient to warrant a prudent person, or one of reasonable caution, in believing, in the circumstances shown, that the suspect has committed, is committing, or is about to commit an offense.'" *Piazza v. Mayne*, 217 F.3d 239, 245–246 (5th Cir. 2000)(quoting *Michigan v. DeFillippo*, 443 U.S. 31, 37 (1979)). This an objective standard, but one based only on the facts known by the officer at the time of the arrest. *Club Retro, L.L.C. v. Hilton*,

568 F.3d 181, 204 (5th Cir. 2009). Generally, an arrest made pursuant to a properly issued warrant is not unconstitutional. *Mack v. City of Abilene*, 461 F.3d 547, 552 (5th Cir. 2006). However, in certain limited circumstances, even an arrest made pursuant to a warrant can violate the Fourth Amendment. *See, e.g.*, *Blackwell,* 34 F.3d at 303 (stating that police must have probable cause to believe that the individual arrested is the person against whom the warrant issued); *Vance v Nunnery*, 137 F.3d 270, 273 (5th Cir. 1998)(suggesting that an arrest made pursuant to a valid warrant may be unconstitutional if the arresting officer possessed conclusive evidence of arrestee's innocence); *Club Retro*, 568 F.3d at 205 n.20 (when the arresting officers are responsible for securing the warrant, the Court also considers the validity of the warrant).

Plaintiff was arrested for interfering with child custody in violation of Texas Penal Code § 25.03. Plaintiff's arrest was made pursuant to a warrant, and she ultimately was convicted in state court.

However, Plaintiff argues that her actions did not violate the Texas Penal Code (the Code). The Code criminalizes interference with a custodial parent's right to his child. Tex. Penal Code § 25.03. But the Code also provides a limited defense if the child is returned within three days. Tex. Penal Code § 25.03(c). It is undisputed that Plaintiff was only two hours late to return her son. Plaintiff argues that because she returned her son within the three-day window, she did not violate the Code, and thus her arrest was not supported by probable cause.

Plaintiff's false arrest claim fails for two reasons. First, Plaintiff's arrest was supported by probable cause because the three-day defense that Plaintiff asserts does not apply. Plaintiff was arrested and convicted for failing to return her son as directed in her divorce decree (Docs. No. 35-2, 35-4, 35-5 & 35-6). The three-day grace period only applies when the child is the subject of a

pending custody dispute rather than an existing court order. Tex. Penal Code § 25.03(a)(2) & (c). Thus, this defense has no application to Plaintiff and did not extinguish probable cause for her arrest.

Second, and more importantly, Plaintiff's subsequent conviction bars her claim for false arrest. A subsequent conviction does not automatically provide a shield from civil liability for false arrest under 42 U.S.C. § 1983. *Brown v. Edwards*, 721 F.2d 1442, 1448 (5th Cir. 1984)("[T]here is nothing necessarily inconsistent between the arrest being illegal and each conviction being proper."). However, Plaintiff's challenge to probable cause is that her actions did not violate the law. Regardless of how Plaintiff articulates this claim, it necessarily involves a challenge to Plaintiff's underlying state conviction.

It is well settled law that a § 1983 action is not the proper tool to challenge a state court conviction that has not been overturned. *Heck v. Humphrey*, 512 U.S. 477, 485 (1994)("We think the hoary principle that civil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments applies to § 1983 damages actions that necessarily require the plaintiff to prove the unlawfulness of his conviction or confinement ..."). Plaintiff's conviction has not been overturned. Therefore, Plaintiff cannot now challenge her arrest solely on the basis that she did not commit the crime.

Accordingly, no genuine issue of material fact exists as to Plaintiff's Fourth Amendment claim under 42 U.S.C. § 1983, and this claim is hereby DISMISSED.

## IV.  Conclusion

For the reasons stated above, Defendant City of Carthage's Motion for Summary Judgment

(Doc. No. 35) is hereby GRANTED and all of Plaintiff's remaining claims are DISMISSED with prejudice.

**It is SO ORDERED.**

**SIGNED this 10th day of February, 2010.**

MICHAEL H. SCHNEIDER
UNITED STATES DISTRICT JUDGE